IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-cv-135-SMY |
| | ) |
| UNITED STATES DISCIPLINARY BARRACKS,[1] | ) |
| | ) |
| Respondent. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner David Brown, presently an inmate of the Federal Bureau of Prisons and incarcerated at USP Marion, brings this habeas action pursuant to 28 U.S.C. § 2241. Brown is a former active-duty member of the United States Army who was convicted and sentenced by a court-martial. He seeks to challenge the computation of his credit for work abatement and raises other issues relating to clemency and parole proceedings.

This matter is now before the Court for preliminary review of the Petition. Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, like this one.

---

[1] The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Brown is currently incarcerated at USP Marion. Accordingly, the Warden of USP Marion is the correct respondent for this proceeding, not the United States Disciplinary Barracks.

Petitioners seeking habeas relief from a military conviction must exhaust all available remedies prior to filing their § 2241 petition in federal court. That is, the petitioner must show that he exhausted "all available military remedies." *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975).

Here, Brown concedes that he has not exhausted his administrative remedies – he has not appealed the decision, filed a grievance, or sought an administrative remedy (Doc. 1, p. 2). Accordingly, without making any decision on the merits of Brown's claim, this Court must dismiss the Petition for failure to exhaust administrative remedies. Brown's motions for leave to proceed IFP (Doc. 2), for discovery (Doc. 3), for oral argument (Doc. 4) and to expedite (Doc. 5) are **TERMINATED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: February 24, 2023**

**STACI M. YANDLE**
**United States District Judge**